```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE


CENTER CAPITAL CORPORATION,          :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :   C.A. No. 08-508-JJF
                                     :
JR LEAR 60-099, LLC; J.B. HUNT,      :
LLC; PINNACLE AIR, LLC; JET RIDE,    :
INC.; ROBERT B. THORNTON; and        :
BILL W. SCHWYHART                    :
                                     :
          Defendant.                 :
```

Dennis A. Dressler, Esquire, and Christian J. Jorgensen, Esquire, of DRESSLER PETERS, LLC, Chicago, Illinois.
R. Karl Hill, Esquire, and Kevin A. Guerke, Esquire of SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Timothy L. Brooks, Esquire, and William M. Burk, Esquire, of TAYLOR LAW PARTNERS, Fayetteville, Arkansas.
Michael R. Lastowski, Esquire; Matt Neiderman, Esquire; and Sommer L. Ross, Esquire, of DUANE MORRIS LLP, Wilmington, Delaware.

Attorneys for Defendant.

**<u>MEMORANDUM OPINION</u>**

December 16, 2009
Wilmington, Delaware

*[signature]*
Farnan, District Judge.

Presently before the Court is Plaintiff Center Capital Corporation's Motion for Summary Judgment Against Defendants Robert B. Thornton and Bill W. Schwyhart. (D.I. 40.) For the reasons set forth below, Plaintiff's Motion will be granted.

## I. Factual Background

On September 26, 2006, Key Equipment Finance Inc. ("Key Finance") entered into an Aircraft Security Agreement (the "Security Agreement") with Defendant JR Lear 60-099, LLC ("JR Lear") in connection with the purchase of a corporate aircraft. (D.I. 41, Napierkowski Aff., Ex. A.)  Defendants Robert B. Thornton, and Bill W. Schwyhart executed personal guarantees (the "Personal Guarantees") on payment of the purchase amount.[1] (Id. at Ex. J; Ex. K.)  Key Finance sold, assigned and transferred all rights, title, and interest in the Security Agreement to Plaintiff Center Capital Corporation ("Plaintiff") on November 29, 2006.  (Id. at Ex. N.)  Pursuant to Section 5.1(a) of the Security Agreement, JR Lear defaulted by failing to make a required payment of $53,632.45 on July 8, 2008, and by failing to

---

[1] In relevant part, each personal guaranty states that the Guarantor "hereby absolutely, unconditionally, and irrevocably guarantees to Lender the full and prompt payment and performance by Borrower of all Obligations . . . Notwithstanding the foregoing, the liability of the Guarantor under this Guaranty shall not exceed an amount (the 'Cap') equal to (a) fifty percent (50%) of the then outstanding Obligations. . ."(Id. at Ex. J; Ex. K.)

1

make all subsequent payments. (Id. ¶ 14.) As a result, the Security Agreement was accelerated and Plaintiff sought to recover against Defendants under the Personal Guarantees. (D.I. 41, at 2.)

## II. Procedural Background

Plaintiff brought the instant action seeking a writ of replevin and damages for breaches of contract and corporate and personal guarantees by Defendants JR Lear; J.B. Hunt, LLC; Pinnacle Air, LLC; Jet Ride, Inc.; Robert B. Thornton; and Bill W. Schwyhart. (D.I. 1.) A Writ of Replevin directing that possession of the aircraft be turned over to Plaintiffs was issued on August 14, 2008. (D.I. 7).

Plaintiff filed a Notice of Voluntary Dismissal of Jet Ride, Inc. on October 6, 2008. (D.I. 14.) Pinnacle Air LLC, was terminated as a party upon filing of Plaintiff's First Amended Complaint on February 9, 2009. (D.I. 33.) On May 11, 2009, Plaintiff's Notice of Voluntary Dismissal of J.B. Hunt, LLC was granted.[2] (D.I. 52.) On June 26, 2009, default judgment was entered against JR Lear in the amount of $5,227,363.90, plus interest, for failure to plead or otherwise defend the instant action. (D.I. 61.) The present Motion against Defendants Robert

---

[2]The claim against J.B. Hunt was voluntarily dismissed because of a negotiated settlement with Plaintiff. (See D.I. 52 ¶ 3.) Pursuant to a settlement agreement on or about January 23, 2009, J.B. Hunt promised to pay Plaintiff $675,000. (D.I. 49, Greenfield Aff. ¶ 3.)

B. Thornton and Bill W. Schwyhart (collectively, "Defendants") was filed on February 26, 2009. (D.I. 40.) Based upon the terms of the Security Agreement, Plaintiff has submitted an affidavit supporting judgment against Defendants, jointly and severally, in the amount of 50% of the total outstanding indebtedness of JR Lear, which was $5,761,680.59 as of December 2, 2008, plus all subsequently accruing interest, costs and attorney's fees. (D.I. 41, Napierkowski Aff. ¶ 17.)

### III. Parties' Contentions

By its Motion, Plaintiff contends it is entitled to summary judgment against Defendants because both have breached their Personal Guarantees. (Id. at 10.) Specifically, Plaintiff contends there is no issue of material fact as to JR Lear's default under the Security Agreement, or as to Defendants' absolute and unconditional liability to assume JR Lear's obligations under the Personal Guarantees. (Id. at 10-11.) Further, Plaintiff contends it is not required to sell the aircraft prior to seeking summary judgment, and that it is entitled to pursue all of its remedies simultaneously under the Uniform Commercial Code. (Id. at 12.) Defendants respond that summary judgment is premature because there are several issues of material fact, including "whether Plaintiff has preserved the collateral in a commercially reasonable manner, why Plaintiff has not yet sold the collateral, whether Plaintiff is taking steps to

3

dispose of the collateral in a commercially reasonable manner, what the terms were of Plaintiff's settlement with JB Hunt, and ultimately, whether Plaintiff has any recoverable damages."[3] (D.I. 48, at 3.)

IV. **Legal Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," then the court should grant summary judgment.  Fed. R. Civ. P. 56(c).  When considering whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-movant, and resolve all reasonable inferences in the non-movant's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).  "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person would conclude that the position of the person with the burden of proof on the disputed issue is correct."  Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995)(internal

---

[3] The Court notes that Defendants asserted several affirmative defenses in their Amended Answer (D.I. 38), including lack of knowledge of or control over JR Lear, waiver, setoff, and Plaintiff's failure to satisfy all conditions precedent. However, Defendants fail to provide any evidence to support these defenses, and they did not address them in their Answering Brief opposing summary judgment.

citations omitted).

The movant bears the burden of proving that no genuine issue of material fact exists. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n.10 (1986). Once the movant offers such proof, the non-movant "must come forward with 'specific facts showing [a] genuine issue for trial.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the non-movant will not be sufficient to survive a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Thus, in ruling on a summary judgment motion, the court must perform the "threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250.

**V.    Discussion**

    A.    <u>Choice of Law</u>

Plaintiff contends, and Defendants do not appear to contest, that the Court should apply New York law in deciding the present Motion. (<u>See</u> D.I. 41, at 8; D.I. 48, at 5-9.) A federal court with diversity jurisdiction must apply state substantive law and federal procedural law. Key Finance (the original lender) is located in Albany, New York, and the Security Agreement provided

for all communications to be sent to their New York location. (D.I. 41, at 9.) Further, the choice of law clause is unambiguous. (See id., Napierkowski Aff., Ex A. §8.1.) Accordingly, the Court will apply New York law.

    B.    <u>Liability on Breach of Guaranty Claims</u>

"On a motion for summary judgment of a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty." <u>City of N.Y. v. Clarose Cinema Corp.</u>, 256 A.D.2d 69, 71 (N.Y. App. Div. 1998). Defendants do not dispute that they signed the Personal Guarantees, nor do they attempt to dispute the nature of their obligations under the Personal Guarantees, or that they have failed to make the required payments. Rather, Defendants oppose summary judgment based on the commercial reasonableness of Plaintiff's actions and Plaintiff's alleged failure to mitigate.

Reviewing the evidence presented in the light most favorable to Defendants, the Court concludes that there are no genuine issues of material fact as to whether Plaintiff acted in a commercially reasonable manner by instituting the present action before selling the aircraft. After default, a secured party may take possession of the collateral, N.Y. U.C.C. Law § 9-609(a)(1), and "reduce a claim to judgment, foreclose, or otherwise enforce the claim . . . by any available judicial procedure." <u>Id.</u> § 9-

6

601(a)(1). These rights are cumulative and may be exercised simultaneously. Id. § 9-601(c). New York case law confirms that a creditor need not liquidate its collateral before seeking judgment against a debtor. See First Int'l Bank of Israel, Ltd. v. L. Blankstein & Son, Inc., 59 N.Y.2d 436, 447 (N.Y. 1983) ("Contrary to defendant []'s assertions, the [plaintiff] did not act in a commercially unreasonable manner when it proceeded against the [promissory] notes rather than selling the diamonds it held as collateral."). Further, the terms of the Security Agreement[4] and Personal Guarantees[5] permitted Plaintiff to take possession of the aircraft upon default and concurrently pursue other remedies against Defendants. See Sotheby's Fin. Serv., Inc. v. Baran, No. 00 Civ. 7879 BSJ, 2003 WL 21756126, at *8 (S.D.N.Y. July 29, 2003) (finding that where a loan agreement was "absolute," and "not subject to the results of any sale of collateral," plaintiff was not required to liquidate collateral

---

[4] "Secured Party may exercise any one or more of the following remedies, as Secured Party in its sole discretion elects: a) Proceed by appropriate court action, either at law or in equity to enforce performance by Grantor of this Agreement or to recover damages. . . b) Cause Grantor, at its expense, promptly to return the Aircraft to Secured Party. . ." (D.I. 41, Napierkowski Aff., Ex. A. § 5.2.)

[5] Guarantor "absolutely unconditionally and irrevocably guarantees to Lender the full and prompt payment and performance by Borrower of all Obligations." (D.I. 41, Napierkowski Decl., Ex. J.) "Lender shall not be required to pursue any right or remedy it may have against Borrower or any Other Guarantor under the Loan Documents or otherwise . . . before enforcing this Guaranty against Guarantor." (Id. ¶ 2.)

before seeking judgment).

The Court further concludes that no genuine issue of material fact exists with regard to the commercial reasonableness of Plaintiff's preservation of and/or attempts to dispose of the aircraft. "Every aspect of a disposition of collateral [after default], including the method, manner, time, place, and other terms, must be commercially reasonable." N.Y. U.C.C. Law § 9-610(b). The mere fact that Plaintiff possessed the aircraft for six months prior to filing the present Motion, and that Defendant contends Plaintiff may not have kept up with the aircraft's contractual maintenance program do not raise issues of material fact sufficient to warrant denial of summary judgment. Contra NatWest Bank N.A. v. Grauberd, 228 A.D.2d 337, 338 (N.Y. App. Div. 1996) (reversing grant of summary judgment on personal guarantees of corporate indebtedness where "[d]efendants submitted ample proof that plaintiff acted in a less than commercially reasonable manner").

**VI. Conclusion**

For the reasons discussed, the Court will grant summary judgment in favor of Plaintiff and reserve decision on the amount of a damages award.

An appropriate Order will be entered.

8